# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption:<br><br>LENNY MOLINA v. HORNBLOWER GROUP, INC., HORNBLOWER NEW YORK, LLC and HORNBLOWER CRUISES AND EVENTS, LLC | District Court or Agency:<br>S.D.N.Y. | Judge:<br>Hon. Gregory H. Woods |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>9/22/2022 | District Court Docket No.:<br>1:20-cv-10821-GHW |
| | Date the Notice of Appeal was Filed:<br>10/18/2022 | Is this a Cross Appeal?<br>☐ Yes   ☑ No |

| **Attorney(s) for Appellant(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Anthony B. Corleto, 500 Mamaroneck Avenue, Suite 503, Harrison, NY 10528, (914) 777-2228, tcorleto@grsm.com |
|---|---|
| **Attorney(s) for Appellee(s):**<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Jonathan Shalom, 105-13 Metropolitan Avenue, Forest Hills, NY 11375, (718) 971-9474, jonathan@shalomlawny.com, ecf@jonathanshalomlaw.com |

| Has Transcript Been Prepared?<br><br>Yes | Approx. Number of Transcript Pages:<br>35 | Number of Exhibits Appended to Transcript:<br>0 | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party   ☐ Diversity<br>☑ Federal question (U.S. not a party)   ☐ Other (specify): ___ | ☐ Final Decision   ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☑ Interlocutory Decision Appealable As of Right   ☐ Other (specify): ___ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|
| ☑ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>  lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>  failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>  frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>  other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☑ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☐ Damages:  ☐ Injunctions:<br><br>☐ Sought: $ _____  ☐ Preliminary<br>☐ Granted: $ _____  ☐ Permanent<br>☑ Denied: $ _____  ☐ Denied |

**PART C: NATURE OF SUIT** (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☑ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright / Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>  Maritime<br>☐ Assault /<br>  Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>  Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>  Instruments<br>☐ Other Specify: | ☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes  ☑ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes  ☑ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

   If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: HORNBLOWER GROUP, INC., HORNBLOWER NEW YORK, LLC and HORNBLOWER CRUISES AND EVENTS, LLC

| Date: 11/1/22 | Signature of Counsel of Record:  Anthony B. Corleto |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**
1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

ADDENDUM "A"

## BRIEF DESCRIPTION OF THE NATURE OF THE ACTION

This action alleges that Defendants (collectively, "Hornblower") violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* "ADA", the New York State Human Rights Law, N.Y. Exec. Law § 296(1)(a) ("NYSHRL"), and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-107(1)(a) by discriminating against the Plaintiff because of his disability, and wrongfully terminating Plaintiff when he requested time off to care for a temporary disability arising from an on-the-job injury. Plaintiff was hired as a PM Sous Chef for Hornblower on March 27, 2019. Plaintiff was allegedly injured during a Hornblower work shift on March 14, 2020 at 3:30 p.m., at Pier 15, when he was lifting a Cambro food cart from a van and the food cart fell on his left foot. Plaintiff allegedly sustained a broken toe as a resulted of this incident. Two (2) days later, on March 17, 2020, plaintiff, along with a majority of Hornblower's entire Pier 15, 40 and 61 crew, were furloughed due to onset of the Covid-19 pandemic which caused a complete closure of Hornblower's business operations. Subsequently, in mid-May 2020, due to unprecedented Covid-19 pandemic, associated business shutdowns and constraints, Hornblower began the termination of a majority of their crew staff at Piers 15, 40 and 61. Plaintiff's employment with Hornblower was officially terminated on May 18, 2020. Hornblower paid plaintiff up until his May 18, 2020 termination and his health care insurance through Hornblower remained active until May 31, 2020.

## The Result Below

Defendants moved for summary judgment seeking complete dismissal of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 56 on December 19, 2021. Defendants argued that Plaintiff could not demonstrate the existence of any disability discrimination or failure to accommodate. Furthermore, Defendants argued that Plaintiff could not demonstrate the

existence of a qualified disability in accordance with the ADA, the NYSHRL, or the NYCHRL and as interpreted by the relevant case law. Moreover, Defendants argued that Plaintiff could not establish a *prima facie* case of retaliation, nor could Plaintiff demonstrate that the events giving rise to his valid termination due to the Covid-19 pandemic were in any way pretextual. On September 22, 2022, the summary judgment motion was denied.

Case 22-2719, Document 10, 11/02/2022, 3412621, Page6 of 56

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
LENNY MOLINA,

                                                Civil No.: 1:20-cv-10821-GHW

                    Plaintiff,

         -against-                              **NOTICE OF APPEAL**

HORNBLOWER GROUP, INC., HORNBLOWER
NEW YORK, LLC and HORNBLOWER CRUISES
AND EVENTS, LLC,

                         Defendants.
-------------------------------------------------------------- X
C O U N S E L O R S :

         PLEASE TAKE NOTICE that the defendants, HORNBLOWER GROUP, INC.,

HORNBLOWER NEW YORK, LLC and HORNBLOWER CRUISES AND EVENTS, LLC,

hereby appeal to the United States Court of Appeals for the Second Circuit from that aspect of

the Order and Oral Decision of United States District Judge Gregory H. Woods, issued, dated

and filed with the Clerk of the Court on September 22, 2022, which denied defendants' Motion

for Summary Judgment.  Defendants appeal from each and every part of the Order and Oral

Decision, the transcript for which is annexed hereto and made apart hereof as **Exhibit A**, as well

as the whole thereof.

Dated: Harrison, New York
         October 18, 2022

                              Respectfully Submitted,

                              GORDON REES SCULLY
                              MANSUKHANI, LLP

                              By:

                              Ryan E. Dempsey (RD-8201)
                              Attorneys for Defendants

1

Case 22-2719, Document 10, 11/02/2022, 3412621, Page7 of 56

HORNBLOWER GROUP, INC., HORNBLOWER
NEW YORK, LLC and HORNBLOWER
CRUISES AND EVENTS, LLC
500 Mamaroneck Ave Suite 503
Harrison, NY  10528
T: (914) 777-2209
File No.: EVR-1224573

TO:   Jonathan Shalom, Esq.
      SHALOM LAW PLLC
      Attorneys for Plaintiff
      105-13 Metropolitan Avenue
      Forest Hills, New York 11375
      T: (718) 971-9474

2

APPEAL,CASREF,ECF,MEDTFR4

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:20-cv-10821-GHW

Case 22-2719, Document 10, 11/02/2022, 3412621, Page8 of 56

Molina v. Hornblower Group, Inc. et al
Assigned to: Judge Gregory H. Woods
Referred to: Magistrate Judge Ona T. Wang (Settlement)
Cause: 28:1331cv Fed. Question: Other Civil Rights

Date Filed: 12/22/2020
Jury Demand: Both
Nature of Suit: 445 Civil Rights:
Americans with Disabilities -
Employment
Jurisdiction: Federal Question

**Plaintiff**

**Lenny Molina**                    represented by   **Jonathan Shalom**
Shalom Law, PLLC
105-13 Metropolitan Avenue
Forest Hills, NY 11375
718-971-9474
Email: jonathan@shalomlawny.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hornblower Group, Inc.**           represented by   **Ryan Emerson Dempsey**
Gordon Rees Scully Mansukhani LLP
500 Mamaroneck Avenue Suite 503
Harrison, NY 10528
914-777-2225
Fax: 914-709-4566
Email: rdempsey@gordonrees.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Justin Schacher**
Gordon Rees Scully Mansukhani
500 Mamaroneck Ave., Suite 503
Harrison, NY 10528
914-777-2237
Email: Mschacher@grsm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hornblower New York, LLC**         represented by   **Ryan Emerson Dempsey**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Justin Schacher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hornblower Cruises and Events, LLC**      represented by **Ryan Emerson Dempsey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Justin Schacher**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/22/2020 | 1 | COMPLAINT against Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC. (Filing Fee $ 402.00, Receipt Number ANYSDC-23154034)Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 12/22/2020) |
| 12/22/2020 | 2 | **FILING ERROR - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Hornblower Group, Inc, re: 1 Complaint. Document filed by Lenny Molina..(Shalom, Jonathan) Modified on 12/23/2020 (jgo). (Entered: 12/22/2020) |
| 12/22/2020 | 3 | **FILING ERROR - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Hornblower Cruises and Events, LLC, re: 1 Complaint. Document filed by Lenny Molina..(Shalom, Jonathan) Modified on 12/23/2020 (jgo). (Entered: 12/22/2020) |
| 12/22/2020 | 4 | **FILING ERROR - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Hornblower New York, LLC, re: 1 Complaint. Document filed by Lenny Molina..(Shalom, Jonathan) Modified on 12/23/2020 (jgo). (Entered: 12/22/2020) |
| 12/22/2020 | 5 | **FILING ERROR - PDF ERROR -** CIVIL COVER SHEET filed..(Shalom, Jonathan) Modified on 12/23/2020 (jgo). (Entered: 12/22/2020) |
| 12/23/2020 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Jonathan Shalom to RE-FILE Document No. 5 Civil Cover Sheet. The filing is deficient for the following reason(s): Courthouse Assignment code was not selected; the PDF was not signed or dated by the attorney;. Re-file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated October 1, 2020. The S.D.N.Y. Civil Cover Sheet dated October 1, 2020 is located at** |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page9 of 56

Case 22-2719, Document 10, 11/02/2022, 3412621, Page10 of 56

| | | |
|---|---|---|
| | | http://nysd.uscourts.gov/file/forms/civil-cover-sheet.. (jgo) (Entered: 12/23/2020) |
| 12/23/2020 | | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Jonathan Shalom. The following case opening statistical information was erroneously selected/entered: County code New York;. The following correction(s) have been made to your case entry: the County code has been modified to XX Out of State;. (jgo) (Entered: 12/23/2020) |
| 12/23/2020 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Gregory H. Woods. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(jgo) (Entered: 12/23/2020) |
| 12/23/2020 | | Magistrate Judge Ona T. Wang is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (jgo) (Entered: 12/23/2020) |
| 12/23/2020 | | Case Designated ECF. (jgo) (Entered: 12/23/2020) |
| 12/23/2020 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Jonathan Shalom to RE-FILE Document No. 4 Request for Issuance of Summons, 3 Request for Issuance of Summons, 2 Request for Issuance of Summons. The filing is deficient for the following reason(s): party name on the PDF case caption contains a typographical error (Hornblower Cruises and Events, LLC). Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 12/23/2020) |
| 12/23/2020 | 6 | CIVIL COVER SHEET filed..(Shalom, Jonathan) (Entered: 12/23/2020) |
| 12/23/2020 | 7 | REQUEST FOR ISSUANCE OF SUMMONS as to Hornblower New York, LLC, re: 1 Complaint. Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 12/23/2020) |
| 12/23/2020 | 8 | FILING ERROR - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF SUMMONS as to Hornblower Group, Inc, re: 1 Complaint. Document filed by Lenny Molina..(Shalom, Jonathan) Modified on 12/29/2020 (jgo). (Entered: 12/23/2020) |
| 12/23/2020 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Hornblower Cruises and Events, LLC, re: 1 Complaint. Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 12/23/2020) |
| | | |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page11 of 56

| 12/24/2020 | 10 | NOTICE OF INITIAL PRETRIAL CONFERENCE: This case has been assigned to me for all purposes. It is hereby ORDERED that counsel for all parties participate in an initial pretrial conference with the Court at the time listed below. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. Any open legal issues can be addressed at the conference. DUE DATE OF JOINT LETTER and PROPOSED CASE MANAGEMENT PLAN: February 17, 2021. DATE AND TIME OF CONFERENCE: February 24, 2021 at 4:00 p.m. The conference will be conducted by telephone. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. And as set forth herein. SO ORDERED. Initial Conference set for 2/24/2021 at 04:00 PM before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 12/24/2020) (ama) (Entered: 12/27/2020) |
| --- | --- | --- |
| 12/29/2020 | 11 | ELECTRONIC SUMMONS ISSUED as to Hornblower Cruises and Events, LLC..(jgo) (Entered: 12/29/2020) |
| 12/29/2020 | 12 | ELECTRONIC SUMMONS ISSUED as to Hornblower New York, LLC..(jgo) (Entered: 12/29/2020) |
| 12/29/2020 |  | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Jonathan Shalom to RE-FILE Document No. 8 Request for Issuance of Summons. The filing is deficient for the following reason(s): party name on the PDF 'To' section does not match party name entered on 'as to' docket entry text;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo) (Entered: 12/29/2020) |
| 12/29/2020 | 13 | REQUEST FOR ISSUANCE OF SUMMONS as to Hornblower Group, Inc, re: 1 Complaint. Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 12/29/2020) |
| 12/30/2020 | 14 | ELECTRONIC SUMMONS ISSUED as to Hornblower Group, Inc...(dnh) (Entered: 12/30/2020) |
| 01/15/2021 | 15 | WAIVER OF SERVICE RETURNED EXECUTED. Hornblower Cruises and Events, LLC waiver sent on 1/15/2021, answer due 3/16/2021; Hornblower New York, LLC waiver sent on 1/15/2021, answer due 3/16/2021. Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 01/15/2021) |
| 02/08/2021 | 16 | SUMMONS RETURNED EXECUTED Summons and Complaint served. Hornblower Group, Inc. served on 1/19/2021, answer due 2/9/2021. Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 02/08/2021) |
| 02/17/2021 | 17 | NOTICE OF APPEARANCE by Ryan Emerson Dempsey on behalf of Hornblower Cruises and Events, LLC, Hornblower New York, LLC..(Dempsey, Ryan) (Entered: 02/17/2021) |
| 02/17/2021 | 18 | LETTER MOTION to Adjourn Conference addressed to Judge Gregory H. Woods from Ryan E. Dempsey dated February 17, 2021. Document filed by |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page12 of 56

| | | Hornblower Cruises and Events, LLC, Hornblower New York, LLC..(Dempsey, Ryan) (Entered: 02/17/2021) |
|---|---|---|
| 02/23/2021 | 19 | ORDER: On February 17, 2021, counsel for Defendants moved the Court to adjourn the initial pretrial conference set for February 24, 2021 in order to permit all defendants to appear in this action. The motion is granted. The initial pre-trial conference in this matter is adjourned to March 30, 2021 at 3:00 p.m. The deadline for submission of the parties' joint letter and proposed case management plan is extended to March 23, 2021. The Clerk of Court is directed to terminate the motion at Dkt. No. 18. Initial Conference set for 3/30/2021 at 03:00 PM before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 2/23/2021) (mro) (Entered: 02/23/2021) |
| 03/11/2021 | 20 | NOTICE OF APPEARANCE by Ryan Emerson Dempsey on behalf of Hornblower Group, Inc...(Dempsey, Ryan) (Entered: 03/11/2021) |
| 03/16/2021 | 21 | ANSWER to 1 Complaint with JURY DEMAND. Document filed by Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC..(Dempsey, Ryan) (Entered: 03/16/2021) |
| 03/17/2021 | 22 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Hornblower Group, Inc., Corporate Parent Hornblower Cruises & Events, Inc. for Hornblower Cruises and Events, LLC; Corporate Parent Hornblower Group, LLC, Corporate Parent Hornblower Sub, LLC, Corporate Parent Hornblower HoldCo, LLC, Corporate Parent Hornblower Holdings, L.P, for Hornblower Group, Inc.; Corporate Parent Hornblower Cruises and Events, LLC for Hornblower New York, LLC. Document filed by Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC..(Dempsey, Ryan) (Entered: 03/17/2021) |
| 03/23/2021 | 23 | JOINT LETTER addressed to Judge Gregory H. Woods from Jonathan Shalom and Ryan E. Dempsey dated March 23, 2021 re: the Court's December 24, 2020 Order and issues addressed in the parties proposed civil case management plan. Document filed by Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC. (Attachments: # 1 Proposed Civil Case Management Plan).(Dempsey, Ryan) (Entered: 03/23/2021) |
| 03/24/2021 | 24 | ORDER OF AUTOMATIC REFERRAL TO MEDIATION (See M-10-468 Second Amended Standing Order). Please reference the Pilot Discovery Protocols, attached, and the Mediation Program Procedures (https://nysd.uscourts.gov/programs/mediation-adr). E-mail MediationOffice@nysd.uscourts.gov, telephone 212-805-0643. Mediator to be Assigned by 4/5/2021. (Signed by Judge Loretta A. Preska on 10/1/2015) (rpr) (Entered: 03/24/2021) |
| 03/30/2021 | 25 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. 636(c). The parties have conferred pursuant to Fed. R. Civ. P, 26(f). Settlement discussions have taken place. The parties expect that this case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is three (3) days. A joint letter updating the Court on the status of |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page13 of 56

| | | |
|---|---|---|
| | | the case shall be filed on ECF by 10/5/2021. This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 7(g)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended. Motions due by 10/29/2021. Responses due by 8/30/2021 Deposition due by 6/15/2021. Fact Discovery due by 7/30/2021. Expert Discovery due by 9/29/2021. Status Conference set for 10/12/2021 at 04:00 PM before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 3/30/2021) (js) (Entered: 03/31/2021) |
| 03/30/2021 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 3/30/2021. (Court Reporter present) (wv) (Entered: 04/07/2021) |
| 04/05/2021 | | NOTICE OF MEDIATOR ASSIGNMENT - Notice of assignment of mediator. Mediator Schedule due by 5/5/2021.(ah) (Entered: 04/05/2021) |
| 04/26/2021 | | FIRST MEDIATION CONFERENCE. Mediation Conference scheduled for 6/7/2021 at 11:00 AM through video conference. (sb) (Entered: 04/26/2021) |
| 06/01/2021 | | MEDIATION CONFERENCE NOT HELD Mediation Conference scheduled for 06/07/2021 was not held. Mediation Status due by 6/16/2021.(rpr) (Entered: 06/01/2021) |
| 06/01/2021 | | SUBSEQUENT MEDIATION CONFERENCE. Mediation Conference scheduled for 7/12/2021 at 11:00 AM by video conference.(rpr) (Entered: 06/01/2021) |
| 07/13/2021 | 26 | FINAL REPORT OF MEDIATOR #4. Report of Mediator to the Clerk that the court-ordered mediation in this case was held but was unsuccessful in resolving any issue in the case. The Mediation Unit will consider the referral to be completed and close its files at this time but the judge may re-refer parties to mediation at any point. To evaluate the effectiveness of our Mediators/Mediation Program, a fillable PDF of the survey can be found at https://nysd.uscourts.gov/programs/mediation-adr.(ah) (Entered: 07/13/2021) |
| 07/23/2021 | 27 | JOINT LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Gregory H. Woods from Jonathan Shalom dated 7/23/2021. Document filed by Lenny Molina. (Attachments: # 1 Supplement Proposed Civil Case Management Plan).(Shalom, Jonathan) (Entered: 07/23/2021) |
| 07/24/2021 | 28 | ORDER denying without prejudice 27 Letter Motion for Extension of Time to Complete Discovery. The Court will hold a conference on July 29, 2021 at 2:30 p.m. to discuss the parties' request for an extension of the discovery deadlines in this case. Dkt. No. 27. The parties may wish to review the transcript of the initial pre-trial conference in this case, given that the request is both untimely and relies upon factors that were the subject of discussion during that conference. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2 |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page14 of 56

| | | |
|---|---|---|
| | | (C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 07/24/2021) |
| 07/29/2021 | 29 | ORDER. For the reasons stated on the record during the teleconference held on July 28, 2021, the parties' July 22, 2021 request for an extension of the discovery deadlines in this case, Dkt. No. 27, is denied. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 07/29/2021) |
| 07/29/2021 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 7/29/2021. (Court Reporter present) (wv) (Entered: 08/09/2021) |
| 08/09/2021 | 30 | LETTER MOTION for Conference re: 25 Case Management Plan,,,,, addressed to Judge Gregory H. Woods from Ryan E. Dempsey dated August 9, 2021. Document filed by Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC..(Dempsey, Ryan) (Entered: 08/09/2021) |
| 08/09/2021 | 31 | COUNTER LETTER MOTION for Discovery *Opposition to Defendants Motion for Expert Discovery* addressed to Judge Gregory H. Woods from Jonathan Shalom dated 8/9/2021. Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 08/09/2021) |
| 08/11/2021 | 32 | ORDER granting 30 and 30 . The Court will hold a teleconference regarding Dkt. No. 30 and Dkt. No. 31, which were filed on August 9, 2021, on August 11, 2021 at 4:30 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (wv) (Entered: 08/11/2021) |
| 08/11/2021 | 33 | ORDER. For the reasons stated on the record during the conference held on August 11, 2021, the plaintiff's objection to his appearance at the scheduled medical examination is overruled. Given that no other objections to his appearance have been raised, the plaintiff is directed to appear at the examination on August 13, 2021, as previously scheduled. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 08/11/2021) |
| 08/11/2021 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 8/11/2021. (Court Reporter present) (wv) (Entered: 08/30/2021) |
| 10/01/2021 | 34 | LETTER MOTION for Conference *(Request for Pre Motion Conference)* addressed to Judge Gregory H. Woods from Ryan E. Dempsey dated October 1, 2021. Document filed by Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC..(Dempsey, Ryan) (Entered: 10/01/2021) |
| 10/01/2021 | 35 | ORDER granting 34 Letter Motion for Conference re: 34 LETTER MOTION for Conference *(Request for Pre Motion Conference)* addressed to Judge Gregory H. Woods from Ryan E. Dempsey dated October 1, 2021. Application GRANTED. The Court will hold a teleconference regarding Defendants' |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page15 of 56

| | | |
|---|---|---|
| | | proposed motion for summary judgment on October 7, 2021 at 3:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2 (C) of the Court's Emergency Rules. (Telephone Conference set for 1 0/7/2021 at 03:00 PM before Judge Gregory H. Woods.). (Signed by Judge Gregory H. Woods on 10/1/2021) (rro) (Entered: 10/01/2021) |
| 10/04/2021 | 36 | LETTER RESPONSE in Opposition to Motion addressed to Judge Gregory H. Woods from Jonathan Shalom dated 10/4/2021 re: 34 LETTER MOTION for Conference *(Request for Pre Motion Conference)* addressed to Judge Gregory H. Woods from Ryan E. Dempsey dated October 1, 2021. . Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 10/04/2021) |
| 10/04/2021 | 37 | NOTICE OF APPEARANCE by Michael Justin Schacher on behalf of Hornblower Cruises and Events, LLC..(Schacher, Michael) (Entered: 10/04/2021) |
| 10/05/2021 | 38 | STATUS REPORT. *Joint Status Letter* Document filed by Lenny Molina.. (Shalom, Jonathan) (Entered: 10/05/2021) |
| 10/07/2021 | 39 | ORDER: The Court held a conference on October 7, 2021 to address Defendants' anticipated motions for summary judgment and to exclude expert testimony and evidence. Dkt. No. 34. At that conference, the Court imposed the following briefing schedule for the anticipated motions: Defendants' motions are due by no later than December 29, 2021 Plaintiffs oppositions to Defendants motions are due no later than January 26, 2022 Defendants' replies, if any, are due no later than seven days following the date of service of Plaintiff's oppositions. Additionally, the status conference currently scheduled for October 12, 2021 is adjourned sine die. So Ordered. (Motions due by 12/29/2021., Responses due by 1/26/2022) (Signed by Judge Gregory H. Woods on 10/7/2021) (js) (Entered: 10/08/2021) |
| 10/07/2021 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 10/7/2021. (Court Reporter present) (wv) (Entered: 11/08/2021) |
| 12/29/2021 | 40 | MOTION for Summary Judgment *seeking Complete Dismissal of Plaintiff's Complaint Pursuant to FRCP 56.*, MOTION to Preclude *Expert Testimony and/or Evidence Pursuant to FRCP 26 and 37*. Document filed by Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC. (Attachments: # 1 Attorney Certification in Support of Motion for Summary Judgment and to Exclude Expert Testimony and/or Evidence, # 2 Memorandum of Law in Support of Motion for Summary Judgment and to Exclude Expert Testimony and/or Evidence, # 3 Defendants' Local Rule 56.1 Statement of Material Fact, # 4 Exhibit Exhibit A - Complaint, # 5 Exhibit Exhibit B - Defendants Answer, # 6 Exhibit Exhibit C - Defendants Rule 26 Disclosure, # 7 Exhibit Exhibit D - Plaintiffs First Disciplinary Write Up, # 8 Exhibit Exhibit E - Plaintiffs Second Disciplinary Write Up, # 9 Exhibit Exhibit F - Plaintiffs Third Disciplinary Write Up, # 10 Exhibit Exhibit G - Plaintiff's Incident Report, # 11 Exhibit Exhibit H - Plaintiff's E-mail Notification of Incident, # 12 Exhibit Exhibit I - Furlough Notice, # 13 Exhibit Exhibit J - |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page16 of 56

| | | |
|---|---|---|
| | | Termination Letter, # <u>14</u> Exhibit Exhibit K - Defendants Expert Disclosure, Dr. Paul Greenberg, # <u>15</u> Exhibit Exhibit L - Affidavit of Christine Metivier, # <u>16</u> Exhibit Exhibit M - Affidavit of Scott Hauser).(Schacher, Michael) (Entered: 12/29/2021) |
| 01/20/2022 | <u>41</u> | LETTER MOTION for Extension of Time to File *Opposition to Motion for Summary Judgment* addressed to Judge Gregory H. Woods from Jonathan Shalom dated 1/20/2022. Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 01/20/2022) |
| 01/20/2022 | <u>42</u> | ORDER granting <u>41</u> Letter Motion for Extension of Time to File. Application granted. The deadline for Plaintiff to file its opposition to Defendants' motion is extended to February 4, 2022. Defendants' replies, if any, are due no later than seven days following the date of service of Plaintiff's oppositions. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 41. SO ORDERED. (Signed by Judge Gregory H. Woods on 1/20/2022) (mml) (Entered: 01/21/2022) |
| 01/20/2022 | | Set/Reset Deadlines: Responses due by 2/4/2022. (mml) (Entered: 01/21/2022) |
| 02/04/2022 | <u>43</u> | COUNTER STATEMENT TO Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 02/04/2022) |
| 02/04/2022 | <u>44</u> | MEMORANDUM OF LAW in Opposition re: <u>40</u> MOTION for Summary Judgment *seeking Complete Dismissal of Plaintiff's Complaint Pursuant to FRCP 56*. MOTION to Preclude *Expert Testimony and/or Evidence Pursuant to FRCP 26 and 37*. . Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 02/04/2022) |
| 02/04/2022 | <u>45</u> | DECLARATION of Lenny Molina in Opposition re: <u>40</u> MOTION for Summary Judgment *seeking Complete Dismissal of Plaintiff's Complaint Pursuant to FRCP 56*. MOTION to Preclude *Expert Testimony and/or Evidence Pursuant to FRCP 26 and 37*.. Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 02/04/2022) |
| 02/11/2022 | <u>46</u> | REPLY MEMORANDUM OF LAW in Support re: <u>40</u> MOTION for Summary Judgment *seeking Complete Dismissal of Plaintiff's Complaint Pursuant to FRCP 56*. MOTION to Preclude *Expert Testimony and/or Evidence Pursuant to FRCP 26 and 37. and in Opposition to Plaintiff's Papers*. Document filed by Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC. (Attachments: # <u>1</u> Supplement Defendants' Response to Plaintiff's Additional Factual Statements).(Schacher, Michael) (Entered: 02/11/2022) |
| 09/16/2022 | 47 | ORDER. The Court will hold a teleconference to discuss Defendants' pending motion for summary judgment, Dkt. No. 40, on September 23, 2022 at 1:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2 (C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 09/16/2022) |
| 09/20/2022 | <u>48</u> | |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page17 of 56

| | | CONSENT LETTER MOTION to Adjourn Conference *scheduled for Friday, September 23, 2022* addressed to Judge Gregory H. Woods from Jonathan Shalom, Esq. dated September 20, 2022. Document filed by Lenny Molina.. (Shalom, Jonathan) (Entered: 09/20/2022) |
|---|---|---|
| 09/20/2022 | 49 | ORDER denying 48 . Plaintiff's application to adjourn the conference set for September 23, 2022 is denied. The conference is scheduled to be conducted by telephone; that counsel is traveling does not preclude his ability to participate in the conference by remote means. The Court would entertain a joint proposal by the parties to reschedule the conference to an earlier date and time. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (wv) (Entered: 09/20/2022) |
| 09/21/2022 | 50 | CONSENT MOTION for Reconsideration re; 49 Order on Motion to Adjourn Conference, *scheduled for Friday, September 23, 2022.* Document filed by Lenny Molina..(Shalom, Jonathan) (Entered: 09/21/2022) |
| 09/21/2022 | 51 | ORDER granting in part and denying in part 50 Motion for Reconsideration re 50 CONSENT MOTION for Reconsideration re; 49 Order on Motion to Adjourn Conference, *scheduled for Friday, September 23, 2022.* filed by Lenny Molina. The Plaintiff's September 21, 2022 application for reconsideration is granted in part and denied in part. The conference is rescheduled to September 22, 2022 at 12:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 09/21/2022) |
| 09/22/2022 | 52 | ORDER: A jury trial in this matter will begin on Monday, June 26, 2023, at 9:00 a.m. The Court will hold a final pretrial conference in this case on Friday, May 26, 2023, at 1:00 p.m. Both the final pretrial conference and the jury trial will be held in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007. The parties are directed to submit the following materials no later than April 11, 2023: (1) the joint pretrial order and other submissions permitted or required under Rule 5 of the Court's Individual Rules of Practice in Civil Cases, (2) a proposed brief, mutually acceptable description of the case, to be read to the venire, and (3) a proposed brief, mutually acceptable overview of the applicable law, to be read to the jury as part of the Courts initial instructions prior to opening statements. Final Pretrial Conference set for 5/26/2023 at 01:00 PM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods. Pretrial Order due by 4/11/2023. Jury Trial set for 6/26/2023 at 09:00 AM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 9/22/2022) (rro) Modified on 9/27/2022 (rro). (Entered: 09/22/2022) |
| 09/22/2022 | 53 | ORDER denying 40 Motion for Summary Judgment; granting 40 Motion to Preclude. For the reasons stated on the record during the hearing held on September 22, 2022, the Defendants' Motion for Summary Judgment, Dkt. No. |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page18 of 56

| | | |
|---|---|---|
| | | 40, is denied. Defendant's Motion to Preclude Expert Testimony and/or Evidence Pursuant to FRCP 26 and 37, Dkt. No. 40, is granted. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 40. (Signed by Judge Gregory H. Woods on 9/22/2022) (rro) (Entered: 09/22/2022) |
| 09/22/2022 | 54 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Settlement. Referred to Magistrate Judge Ona T. Wang. (Signed by Judge Gregory H. Woods on 9/22/2022) (rro) (Entered: 09/22/2022) |
| 09/22/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 9/22/2022. (Court Reporter present) (wv) (Entered: 09/22/2022) |
| 10/11/2022 | 55 | SCHEDULING ORDER: The Court will hold a Pre-Settlement Conference Scheduling Call on Wednesday, October 19, 2022 at 10:00 a.m. The dial in information is (866) 390-1828, access code 1582687. SO ORDERED. Telephone Conference set for 10/19/2022 at 10:00 AM before Magistrate Judge Ona T. Wang. (Signed by Magistrate Judge Ona T. Wang on 10/11/2022) (vfr) (Entered: 10/11/2022) |
| 10/18/2022 | 56 | NOTICE OF INTERLOCUTORY APPEAL from 53 Order on Motion for Summary Judgment, Order on Motion to Preclude,,,,. Document filed by Hornblower Cruises and Events, LLC, Hornblower Group, Inc., Hornblower New York, LLC. Filing fee $ 505.00, receipt number ANYSDC-26832229. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Exhibit A - Transcript from 9.22.22 proceedings, # 2 Judge Woods Order 9.22.22, # 3 Certificate of Service).(Dempsey, Ryan) (Entered: 10/18/2022) |
| 10/19/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 56 Notice of Interlocutory Appeal. (tp) (Entered: 10/19/2022) |
| 10/19/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 56 Notice of Interlocutory Appeal, filed by Hornblower New York, LLC, Hornblower Group, Inc., Hornblower Cruises and Events, LLC were transmitted to the U.S. Court of Appeals. (tp) (Entered: 10/19/2022) |
| 10/19/2022 | 57 | ORDER. By November 18, 2022, the parties shall file a joint status letter informing the Court whether they believe a second pre-settlement call with the Court would be productive. If the parties wish to schedule a pre-settlement call, they shall suggest proposed dates for the call in their status letter. (HEREBY ORDERED by Magistrate Judge Ona T. Wang) (Text Only Order) (sfh) (Entered: 10/19/2022) |
| 10/25/2022 | 58 | TRANSCRIPT of Proceedings re: DECISON held on 9/22/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Steven Greenblum, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. |

| | | Redaction Request due 11/15/2022. Redacted Transcript Deadline set for 11/25/2022. Release of Transcript Restriction set for 1/23/2023..(McGuirk, Kelly) (Entered: 10/25/2022) |
|---|---|---|
| 10/25/2022 | [59](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a DECISON proceeding held on 9/22/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 10/25/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/01/2022 09:39:51 | | | |
| PACER Login: | ryandempsey13 | Client Code: | EVR-1224573 |
| Description: | Docket Report | Search Criteria: | 1:20-cv-10821-GHW |
| Billable Pages: | 10 | Cost: | 1.00 |

Case 22-2719, Document 10, 11/02/2022, 3412621, Page19 of 56

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- X

LENNY MOLINA,

                                  Plaintiff,

                 -against-

HORNBLOWER GROUP, INC., HORNBLOWER
NEW YORK, LLC, and HORNBLOWER CRUISES
AND EVENTS, LLC,

                               Defendants.

--------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/2022

1:20-cv-10821-GHW

ORDER

GREGORY H. WOODS, District Judge:

       For the reasons stated on the record during the hearing held on September 22, 2022, the

Defendants' Motion for Summary Judgment, Dkt. No. 40, is denied. Defendant's Motion to

Preclude Expert Testimony and/or Evidence Pursuant to FRCP 26 and 37, Dkt. No. 40, is granted.

       The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 40.

       SO ORDERED.

Dated: September 22, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge

M9MMMOLD

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   LENNY MOLINA,

 4              Plaintiff,

 5        v.                          20 CV 10821 (GHW)

 6   HORNBLOWER GROUP, INC.;
     HORNBLOWER NEW YORK, LLC; and
 7   HORNBLOWER CRUISES AND EVENTS,
     LLC,
 8
                Defendants.          Decision
 9                                   (via Telephone)
     ------------------------------x
10                                   New York, N.Y.
                                     September 22, 2022
11                                   12:30 p.m.

12   Before:

13                   HON. GREGORY H. WOODS,

14                                   District Judge

15                        APPEARANCES

16   SHALOM LAW, PLLC
          Attorneys for Plaintiff
17   BY:  JONATHAN SHALOM

18   GORDON REES SCULLY MANSUKHANI LLP
          Attorneys for Defendants
19   BY:  RYAN E. DEMPSEY
          MICHAEL J. SCHACHER
20

21

22

23

24

25
```

Case 22-2719, Document 10, 11/02/2022, 3412621, Page21 of 56

Case 22-2719, Document 10, 11/02/2022, 3412621, Page22 of 56

```
 1            (Case called)

 2            THE COURT:  Let's begin.  First, apologies for

 3    starting late.  Thank you joining.

 4            Let me begin by taking appearances from the parties.

 5    First, who is on the line for the plaintiff?

 6            MR. SHALOM:  This is plaintiff's counsel Jonathan

 7    Shalom for plaintiff, Lenny Molina.

 8            THE COURT:  Thank you very much.

 9            Who is on the line for defendants?

10            MR. DEMPSEY:  Ryan Dempsey, your Honor, with the law

11    firm of Gordon Rees for the defendants.

12            MR. SCHACHER:  Michael Schacher, your Honor, Gordon

13    Rees, also for defendants.  Good afternoon.

14            THE COURT:  Thank you very much.

15            Let me begin with a few brief instructions about the

16    rules I would like the parties to follow during this

17    conference.

18            At the outset, please remember that this is a public

19    proceeding.  Any member of the public or press is welcome to

20    dial into this call.  I'm not currently monitoring whether

21    third parties are auditing the conference.  I ask you to just

22    please keep that fact in mind.

23            Second, please place your phones on mute.  I'm hearing

24    a little bit of background noise.  If you just place your

25    phones on mute, that will deal with it.  Thank you very much
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 22-2719, Document 10, 11/02/2022, 3412621, Page23 of 56

1    for doing that.

2              Third, please state each name you speak.  You should

3    do that regardless of whether or not you have spoken

4    previously.

5              Fourth, please abide by instructions from our court

6    reporter that are designed to help the court reporter do their

7    job.

8              Finally, I am ordering that there be no recording or

9    rebroadcast of all or any portion of today's conference.

10             Counsel, with that out of the way, I scheduled this

11   conference to take up defendants' motion for summary judgment.

12   I reviewed the parties' submissions.

13             Is there anything that either of you would like to add

14   with respect to your written submissions?

15             Let me begin with counsel for defendants.

16             MR. SCHACHER:  I don't have anything to add, your

17   Honor.  My colleague, Mr. Dempsey, might, but I don't.

18             MR. DEMPSEY:  No, your Honor.  Nothing to add.

19             THE COURT:  Thank you.

20             Counsel for plaintiff.

21             MR. SHALOM:  Yes, your Honor.  I have nothing to add.

22             THE COURT:  Thank you very much.

23             I am going to rule on the motion orally.  I am going

24   to do that now.  Please place your phones on mute as I describe

25   the reasoning for my decision.

Case 22-2719, Document 10, 11/02/2022, 3412621, Page24 of 56

1          I am going to deny Defendants' motion for summary

2     judgment.  Fundamentally, there are disputed issues of fact

3     that preclude the entry of summary judgment.  I am going to

4     grant Defendants' motion to exclude any expert testimony on

5     Plaintiff's behalf because he has failed to comply with the

6     scheduling order in this case without justification.

7          On December 29, 2021, Defendants filed a motion for

8     summary judgment, seeking the dismissal of all of Plaintiff's

9     claims.  Dkt. No. 40.  The motion also requested that the Court

10    exclude any prospective expert testimony to be offered by

11    Plaintiff.  Plaintiff filed his opposition on February 4, 2022.

12    Dkt. No. 44.  In support of the opposition, Plaintiff submitted

13    an affidavit (the "Molina Aff.").  Dkt. No. 45.  Plaintiff

14    argued that dismissal of his claim was inappropriate due to

15    disputed issues of material fact regarding whether he suffered

16    from a disability and whether it, and his request for an

17    accommodation as a result of it, had resulted in his

18    termination.  Plaintiff did not oppose Defendants' motion to

19    exclude expert testimony.  Defendants filed their reply on

20    February 11, 2022.  Dkt. No. 46.

21          The parties are familiar with the underlying facts.

22    Therefore, I will not recite those in detail.  To the extent

23    that any of the facts presented in the parties' submissions are

24    pertinent to my decision, those facts are embedded in my

25    analysis.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M9MMMOLD

Case 22-2719, Document 10, 11/02/2022, 3412621, Page25 of 56

1            II. SUMMARY JUDGMENT STANDARD OF REVIEW

2            Summary judgment is appropriate when "the movant shows

3    that there is no genuine dispute as to any material fact and

4    the movant is entitled to judgment as a matter of law."  Fed.

5    R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S.

6    317, 322 (1986) ("[S]ummary judgment is proper 'if the

7    pleadings, depositions, answers to interrogatories, and

8    admissions on file, together with the affidavits, if any, show

9    that there is no genuine issue as to any material fact and that

10   the moving party is entitled to a judgment as a matter of

11   law.'" (quoting former Fed. R. Civ. P. 56(c))).  A genuine

12   dispute exists where "the evidence is such that a reasonable

13   jury could return a verdict for the nonmoving party," while a

14   fact is material if it "might affect the outcome of the suit

15   under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477

16   U.S. 242, 248 (1986). "Factual disputes that are irrelevant or

17   unnecessary will not be counted." *Id.*

18            The movant bears the initial burden of demonstrating

19   "the absence of a genuine issue of material fact," and, if

20   satisfied, the burden then shifts to the non-movant to present

21   "evidence sufficient to satisfy every element of the claim."

22   *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing

23   *Celotex*, 477 U.S. at 323).  To defeat a motion for summary

24   judgment, the non-movant "must come forward with 'specific

25   facts showing that there is a genuine issue for trial.'"

6

Case 22-2719, Document 10, 11/02/2022, 3412621, Page26 of 56

1   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

2   574, 587 (1986) (quoting former Fed. R. Civ. P. 56(e)). "The

3   mere existence of a scintilla of evidence in support of the

4   [non-movant's] position will be insufficient; there must be

5   evidence on which the jury could reasonably find for the

6   [non-movant]." *Anderson*, 477 U.S. at 252.  Moreover, the

7   non-movant "must do more than simply show that there is some

8   metaphysical doubt as to the material facts," *Matsushita*, 475

9   U.S. at 586 (citations omitted) and she "may not rely on

10  conclusory allegations or unsubstantiated speculation," *Fujitsu*

11  *Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)

12  (internal quotation marks and citation omitted).

13          In determining whether there exists a genuine dispute

14  as to a material fact, the Court is "required to resolve all

15  ambiguities and draw all permissible factual inferences in

16  favor of the party against whom summary judgment is sought."

17  *Johnson*, 680 F.3d at 236 (internal quotation marks and citation

18  omitted).  The Court's job is not to "weigh the evidence or

19  resolve issues of fact." *Lucente v. Int'l Bus. Machs. Corp.*,

20  310 F.3d 243, 254 (2d Cir. 2002) (citation omitted); *see also*

21  *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.

22  1996) ("In applying th[e] [summary judgment] standard, the

23  court should not weigh evidence or assess the credibility of

24  witnesses.").  "Assessments of credibility and choices between

25  conflicting versions of the events are matters for the jury,

Case 22-2719, Document 10, 11/02/2022, 3412621, Page27 of 56

1  not for the court on summary judgment." *Jeffreys v. City of*

2  *New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citation omitted).

3       In employment discrimination cases, where direct

4  evidence of intentional discrimination is rare, "affidavits and

5  depositions must be carefully scrutinized for circumstantial

6  proof" of discrimination.  *Turner v. NYU Hosps. Ctr.*, 784 F.

7  Supp. 2d 266, 275 (S.D.N.Y. 2011).  "However, even in such

8  cases, a plaintiff must provide more than conclusory

9  allegations of discrimination to defeat a motion for summary

10 judgment and show more than some metaphysical doubt as to

11 material facts." *Id.* at 275-76 (internal quotations omitted)

12 (citing *Schwapp v. Town of Avon*, 118 F. 3d 106 (2d Cir. 1997);

13 *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 101 (2d Cir.

14 2010)); *Brown v. Johnson & Johnson Consumer Products Inc.*, 1994

15 WL 361444, at *3 n.3 (S.D.N.Y. July 11, 1994) ("To assert that

16 [defendant's] witnesses may be lying, without any evidence to

17 contradict the witnesses' testimony, cannot defeat a motion for

18 summary judgment.") (citation omitted).

19       III.  DISCRIMINATION CLAIMS

20       Plaintiff has raised a number of claims arising from

21 his injury on March 14, 2020.  I will first address the federal

22 claims brought under the Americans with Disabilities Act, 42

23 U.S.C. § 12101, *et seq.* (the "ADA"), and then turn to the

24 related state claims.

25       A. ADA

Case 22-2719, Document 10, 11/02/2022, 3412621, Page28 of 56

1          1. Discrimination claim

2          A motion for summary judgment with respect to a claim

3  of discrimination under the ADA is analyzed using the

4  burden-shifting framework set forth in *McDonnell Douglas Corp.*

5  *v. Green*, 411 U.S. 792, 802-04 (1973). *See Widomski v. State*

6  *Univ. of N.Y. (SUNY) at Orange*, 748 F.3d 471, 476 (2d Cir.

7  2014). Under this framework, "the plaintiff bears the initial

8  burden of establishing a prima facie case of discrimination.

9  If the plaintiff does so . . . the defendant [must] articulate

10 some legitimate, nondiscriminatory reason for its action.  If

11 such a reason is provided, plaintiff . . . may still prevail by

12 showing . . . that the employer's determination was in fact the

13 result of . . . discrimination." *Holcomb v. Iona Coll.*, 521

14 F.3d 130, 138 (2d Cir. 2008) (internal quotations omitted).

15         To establish a prima facie case of discrimination

16 under the ADA, a plaintiff must show (i) that his employer is

17 subject to the statute; (ii) that he is disabled within the

18 meaning of the statute or perceived to be so by his employer;

19 (iii) that he was otherwise qualified to perform the essential

20 functions of the job with or without reasonable accommodation;

21 and (iv) that he suffered an adverse employment action because

22 of his disability. *See Jacques v. DiMarzio Inc.*, 386 F.3d 192,

23 198 (2d Cir. 2004).

24         A plaintiff who is able to make out a *prima facie* case

25 creates a presumption of discrimination and shifts the burden

Case 22-2719, Document 10, 11/02/2022, 3412621, Page29 of 56

1  of production to the defendant. *Reeves v. Sanderson Plumbing*

2  *Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 147 L.Ed.2d

3  105 (2000). The defendant must meet this burden by

4  articulating a legitimate, nondiscriminatory reason for the

5  adverse employment action. *Id.* If the defendant can present a

6  nondiscriminatory explanation, the presumption of

7  discrimination drops out of the analysis and the burden of

8  proof shifts back to the plaintiff. *Id.* at 142-43. The

9  plaintiff must then show "that the legitimate reasons offered

10 by the defendant were not its true reasons, but were a pretext

11 for discrimination." *Id.* at 143. To defeat summary judgment,

12 "the plaintiff's admissible evidence must show circumstances

13 that would be sufficient to permit a rational finder of fact to

14 infer that the defendant's employment decision was more likely

15 than not based in whole or in part on discrimination."

16 *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004).

17          A reasonable jury could find that Plaintiff is

18 disabled under the ADA. To establish a disability, a plaintiff

19 must (1) "show that she suffers from a physical or mental

20 impairment," (2) "identify the activity claimed to be impaired

21 and establish that it constitutes a major life activity," and

22 (3) "show that her impairment substantially limits the major

23 life activity previously identified." *Weixel v. Bd. of Educ.*,

24 287 F.3d 138, 147 (2d Cir. 2002) (cleaned up).

25          An impairment need not be permanent or chronic to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 22-2719, Document 10, 11/02/2022, 3412621, Page30 of 56

1   qualify as a "disability" under the ADA.  *Hamilton v.*

2   *Westchester County*, 3 F.4th 86, 93 (2d Cir. 2021) ("[U]nder the

3   expanded definition of 'disability' under the [2008 ADA

4   Amendments Act], which now covers impairments lasting or

5   expected to last less than six months, a short-term injury can

6   qualify as an actionable disability under the ADA.") (emphasis

7   in original) (cleaned up).

8        The 2008 ADA Amendments Act (ADAAA) "ma[d]e clear that

9   the substantial-Limitation requirement in the definition of

10  'disability' is not an exacting one," *Hamilton*, 3 F.4th at 92

11  (cleaned up); *see* 29 C.F.R. § 1630.2(j)(1)(i), and "should not

12  demand extensive analysis," 29 C.F.R. § 1630.2(j)(1)(iii); *see*

13  *Brtalik v. S. Huntington Union Free Sch. Dist.*, 2012 WL 748748,

14  at *4 (E.D.N.Y. Mar. 8, 2012).

15       An impairment is a disability within the meaning of

16  this section if it substantially limits the ability of an

17  individual to perform a major life activity as compared to most

18  people in the general population.  An impairment need not

19  prevent, or significantly or severely restrict, the individual

20  from performing a major life activity in order to be considered

21  substantially limiting.  Nonetheless, not every impairment will

22  constitute a disability within the meaning of this section.

23       29 C.F.R. § 1630.2(j)(1)(ii); *see Parada v. Banco*

24  *Indus. De Venez., C.A.*, 753 F.3d 62, 69 (2d Cir. 2014).  This

25  inquiry "usually will not require scientific, medical, or

Case 22-2719, Document 10, 11/02/2022, 3412621, Page31 of 56

1    statistical analysis," although such evidence is of course not

2    prohibited, 29 C.F.R. § 1630.2(j)(1)(v); *Clark v. Stop & Shop*

3    *Supermarket Co.*, 2016 WL 4408983, at *4 (D. Conn. Aug. 16,

4    2016), and is made "without regard to the ameliorative effects

5    of mitigating measures," 42 U.S.C. § 12102(4)(E); 29 C.F.R. §

6    1630.2(j)(1)(vi).  In determining whether an individual is

7    disabled under the ADA, the Second Circuit has "rejected

8    bright-line tests" and instructed courts to engage in a

9    "fact-specific inquiry." *Parada*, 753 F.3d at 69.  Appropriate

10   considerations include "the difficulty, effort, or time

11   required to perform a major life activity; pain experienced

12   when performing a major life activity; the length of time a

13   major life activity can be performed; and/or the way an

14   impairment affects the operation of a major bodily function."

15   29 C.F.R. § 1630.2(j)(4)(ii).  As applicable here, the ADA

16   provides that "major life activities include, but are not

17   limited to ... walking, standing, and sitting." *See* 29 C.F.R.

18   § 1630.2(i)(1)(i)-(ii); *see also Parada*, 753 F.3d at 69.

19           Plaintiff provided evidence that his injury

20   substantially affected his ability to walk and stand—both major

21   life activities.  His affidavit asserts that he broke his toe

22   in five places and that he was not able to walk at all after

23   his injury.  Affidavit of Lenny Molina, Dkt. No. 45 ("Molina.

24   Aff."), ¶ 38.  After a period in which he was unable to walk at

25   all, he was required to use crutches for two weeks.  *Id.* ¶ 39.

Case 22-2719, Document 10, 11/02/2022, 3412621, Page32 of 56

12

1    After that, he was required to wear a boot for six to seven

2    months.  *Id.* ¶ 40.  During that time, he was not able to stand

3    for more than ten minutes at a time, and without a boot, he was

4    not able to put his foot on the ground at all.  *Id.* ¶¶ 41-42.

5    Because his injury resulted in a substantial impairment of his

6    ability to walk for a substantial period of time, a reasonable

7    jury could conclude that Plaintiff was disabled for at least

8    some period of time following his injury.  Defendants dispute

9    the extent of Plaintiff's injury as a matter of fact—submitting

10   an independent medical examination from a podiatrist

11   contradicting Plaintiff's account of the seriousness and

12   effects of his injury.  Dkt. No. 40-14.  But, of course, I do

13   not weigh the evidence or make findings of fact in the context

14   of a motion for summary judgment.  The contradictory evidence

15   presented by Defendants merely serves to highlight the

16   existence of a disputed issue of material fact regarding

17   plaintiff's asserted disability.

18        A reasonable jury could also find that the Plaintiff

19   suffered an adverse employment action because of his

20   disability.  The Second Circuit has "defined adverse employment

21   action broadly to include 'discharge, refusal to hire, refusal

22   to promote, demotion, reduction in pay and reprimand.'"

23   *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d

24   Cir. 2001) (quoting *Morris v. Lindau*, 196 F.3d 102, 110 (2d

25   Cir. 1999)).  Plaintiff's termination was an adverse employment

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 22-2719, Document 10, 11/02/2022, 3412621, Page33 of 56

1    action.  Dkt. No. 45, Molina Aff. ¶ 28; Dkt. No. 40, Ex. J.  A

2    reasonable jury could find that this termination was caused by

3    his disability for two principal reasons:  First, because he

4    was the only sous chef fired.  Molina Aff. ¶ 49.  A reasonable

5    jury could conclude that he was singled out for termination on

6    account of his disability.  Second, because of the timing of

7    his termination--a mere two weeks after he submitted his second

8    medical note asking for leave because of his injury.  *Id.* ¶¶

9    30-34.  Defendants assert that they fired other sous chefs and

10   Plaintiff's supervisor and that they never received the medical

11   notes.  But for purposes of the motion, I must accept

12   Plaintiff's sworn account of events as true.  Plaintiff has

13   thus established his prima facie claim for discrimination.

14        Defendants have clearly articulated a legitimate,

15   nondiscriminatory reason for terminating the plaintiff on May

16   18, 2020.  After all, that was the outset of the COVID-19

17   pandemic in New York City, and Defendants assert that they

18   furloughed, then terminated staff, on account of the pandemic.

19   The assert that they terminated other sous chefs and that the

20   only sous chefs that were not fired had better performance

21   records than Plaintiff.  Affidavit of Christine Metivier, Dkt.

22   No. 40-15 ("Metivier Aff."), ¶¶ 27-28, 13, 15, 16, 27-28;

23   affidavit of Scott Hauser, Dkt. No. 40-17 ("Hauser Aff."), ¶¶

24   12, 14, 15, 20.  Defendants have met their burden.

25        A reasonable jury could find that Defendants' reason

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 22-2719, Document 10, 11/02/2022, 3412621, Page34 of 56

1    is pretextual and Plaintiff's termination was more likely than

2    not based, in whole or in part, on discrimination for the same

3    reasons that Plaintiff was able to show causation in his prima

4    facie case.   Plaintiff was the only sous chef fired on May 18,

5    2020, a short couple of weeks after he submitted his second

6    medical note requesting leave.   Accordingly, Defendants'

7    summary judgment motion fails as to the plaintiff's

8    discrimination claim under the ADA.

9         2. Failure to accommodate.

10        Summary judgment is also not warranted with respect to

11   Plaintiff's claim for failure to accommodate under the ADA.

12   Disability discrimination under the ADA includes a failure to

13   provide an employee with a reasonable accommodation for his or

14   her disability.   *See Graves v. Finch Pruyn & Co.*, 457 F.3d 181,

15   183-84 (2d Cir. 2006).   These types of claims are also analyzed

16   using the burden-shifting scheme set forth in *McDonnell*

17   *Douglas*.   *McDonnell v. Schindler Elevator Corp.*, No. 12-cv-4614

18   (VEC), 2014 WL 3512772, at *4 (S.D.N.Y. July 16, 2014).   In

19   discrimination claims based on failures to accommodate, the

20   plaintiff "bears the burdens of both production and persuasion

21   as to the existence of some accommodation that would allow

22   [him] to perform the essential functions of [his] employment."

23   *McMillan v. City Of New York*, 711 F.3d 120, 126 (2d Cir. 2013).

24   To establish a case of discrimination based on a failure to

25   accommodate, a plaintiff must show by a preponderance of the

Case 22-2719, Document 10, 11/02/2022, 3412621, Page35 of 56

1    evidence that "(1) he is disabled within the meaning of [the

2    relevant statute]; (2) his employer is a covered entity; (3) he

3    could perform the essential functions of his job with an

4    accommodation; and (4) the defendants refused to provide such

5    an accommodation despite being on notice." *Fox v. Costco*

6    *Wholesale Corp.*, 918 F.3d 65, 73 (2d Cir. 2019) (quoting

7    *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92,

8    96-97 (2d Cir. 2009)).

9         A court must conduct "a fact-specific inquiry into

10   both the employer's description of a job and how the job is

11   actually performed in practice." *McMillan v. City of New York*,

12   711 F.3d 120, 126 (2d Cir. 2013).  Once the essential work

13   functions of the position have been identified based on the

14   employer's determination as to what functions are essential,

15   the plaintiff must demonstrate that he could have performed

16   these functions with an accommodation.  *Id.* at 127.  The burden

17   on the plaintiff is not heavy—he must simply "suggest the

18   existence of a plausible accommodation, the costs of which,

19   facially, do not clearly exceed its benefits." *Id.* "Reasonable

20   accommodations" may include adjustments to work schedules or

21   other job restructuring.  See 45 C.F.R. § 84.12(b) (2005).  Of

22   course, "[a] reasonable accommodation can never involve the

23   elimination of an essential function of a job." *Shannon v.*

24   *N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003).  If an

25   employee "cannot show that a reasonable accommodation existed

M9MMMOLD

16

Case 22-2719, Document 10, 11/02/2022, 3412621, Page36 of 56

1    at the time of his [or her] dismissal," the employee cannot

2    recover. *McElwee v. Cty. of Orange*, 700 F.3d 635, 642 (2d Cir.

3    2012).  Once a plaintiff suggests a plausible accommodation,

4    the burden shifts back to the defendant to demonstrate that

5    such accommodations would present undue hardships and would

6    therefore be unreasonable. *See McMillan*, 711 F.3d at 128.  An

7    "undue hardship" is "an action requiring significant difficulty

8    or expense." 42 U.S.C. § 12111(10)(A).

9          Plaintiff has sufficiently established his disability,

10   as described above.  Defendants do not dispute that they are

11   covered entities.

12         Defendants' summary of the essential work functions of

13   Plaintiff's former position is undisputed by the plaintiff.

14   See Hauser Aff. ¶ 11.

15         A reasonable jury could find that the Plaintiff could

16   have performed the essential functions of his job with a

17   reasonable accommodation.  First, Plaintiff asserts that all he

18   needed to do his work was to receive assistance "from other

19   employees who were in the kitchen anyway."  Molina Aff. ¶ 45.

20   Drawing all inferences in favor of Plaintiff, I understand this

21   to be a statement of fact that there were other employees in

22   the kitchen and that, with their assistance, he could have

23   performed his work as a cook.  Again, I understand that

24   Defendants assert that there were not other people in the

25   kitchen at the time, but I am required to accept Plaintiff's

Case 22-2719, Document 10, 11/02/2022, 3412621, Page37 of 56

1    sworn facts as true for purposes of evaluating the motion.

2    Plaintiff also asserts that despite his injury, he could have

3    worked at a computer in an office to focus on paperwork, which

4    he avers in his affidavit he regularly did nearly half of his

5    shift on a day-to-day basis.  Molina Aff. ¶ 44.

6        Defendants assert that an accommodation would have

7    been impossible rather than reasonable because they had to

8    terminate a majority of the crew where Plaintiff worked, and he

9    could not have relied on other employees.  Metivier Aff. ¶ 35.

10   But again, I must accept Plaintiff's version of events—in his

11   version of events, there were other employees in the kitchen

12   anyway who could have helped him.  He stated that he was the

13   only sous chef terminated.

14       Plaintiff has also produced sufficient evidence to

15   show that the defendants refused to provide such an

16   accommodation, despite being on notice.  An employer has

17   sufficient notice of a disability so that they are required to

18   engage in an interactive process to determine whether any

19   reasonable accommodation may be made if the disability is

20   obvious.  *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 135 (2d

21   Cir. 2008).  A disability can be considered obvious when the

22   employer knew or reasonably should have known that the employee

23   was disabled.  *Id.*  Plaintiff offered evidence that Defendants

24   were on notice of his disability because he (1) notified them

25   by email the day after the incident on March 15, 2020; (2) an

18

Case 22-2719, Document 10, 11/02/2022, 3412621, Page38 of 56

1   incident form was created on the day of his injury on March 14,

2   2020; and (3) he provided several medical notes asking for

3   leave due to his injury.  Molina Aff. ¶¶ 23, 31-34; Dkt. No.

4   45, Ex. C.  Plaintiff avers in his affidavit that they refused

5   to provide the accommodation because they terminated him on May

6   18, 2020.  Defendants dispute these facts, but, again the

7   existence of such a disputed issue of fact requires resolution

8   by a finder of fact.  Metivier Aff. ¶ 36. Accordingly,

9   Defendants' summary judgment motion fails as to Plaintiff's

10  failure to accommodate claim under the ADA.

11          3. Retaliation.

12          A motion for summary judgment with respect to a

13  retaliation claim brought under the ADA is also analyzed under

14  the *McDonnell Douglas* burden shifting framework.  *Schiano v.*

15  *Quality Payroll Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006).

16          To establish a *prima facie* case of retaliation under

17  the ADA, a plaintiff must establish that (1) the employee was

18  engaged in an activity protected by the ADA, (2) the employer

19  was aware of that activity, (3) an employment action adverse to

20  the plaintiff occurred, and (4) there existed a causal

21  connection between the protected activity and the adverse

22  employment action.  *Id.*  "A causal connection in retaliation

23  claims can be shown either '(1) indirectly, by showing that the

24  protected activity was followed closely by discriminatory

25  treatment, or through other circumstantial evidence, such as

Case 22-2719, Document 10, 11/02/2022, 3412621, Page39 of 56

1   disparate treatment of fellow employees who engaged in similar

2   conduct; or (2) directly, through evidence of retaliatory

3   animus directed against the plaintiff by the defendant.'"

4   *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir.

5   2015) (quoting *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117

6   (2d Cir. 2000)).  If the plaintiff sustains his initial burden

7   of demonstrating a prima facie case, "a presumption of

8   retaliation arises." *Hicks v. Baines*, 593 F.3d 159, 164 (2d

9   Cir. 2010) (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d

10  166, 173 (2d Cir. 2005)). "If a plaintiff sustains the initial

11  burden, a presumption of retaliation arises." *Jute*, 420 F.3d at

12  173.  At the second step of the *McDonnell Douglas* analysis, the

13  burden then shifts to the defendant to rebut the presumption of

14  retaliation "by 'articulat[ing] a legitimate, non-retaliatory

15  reason for the adverse employment action.'" *Ya-Chen Chen v.*

16  *City Univ. of New York*, 805 F.3d 59, 70 (2d Cir. 2015). "If the

17  defendant provides such an explanation, 'the presumption of

18  retaliation dissipates.'" *Id.* (quoting Jute, 420 F.3d at 173).

19       At the third and final step of the analysis, "[t]he

20  plaintiff must . . . come forward with [proof that the]

21  non-retaliatory reason is a mere pretext for retaliation."

22  *Misas v. N. Shore-Long Island Jewish Health Sys.*, 2017 WL

23  1535112, at *9 (S.D.N.Y. Apr. 27, 2017) (internal quotation

24  omitted).  To satisfy this burden, "the plaintiff must prove

25  'that the desire to retaliate was the but-for cause of the

Case 22-2719, Document 10, 11/02/2022, 3412621, Page40 of 56

1  challenged employment action,'" *Ya-Chen Chen*, 805 F.3d at 70

2  (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct.

3  2517, 2528 (2013)), and "not simply a 'substantial' or

4  'motivating' factor in the employer's decision." *Zann Kwan v.*

5  *Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013)

6  (citing *Nassar*, 133 S. Ct. at 2526, 2533).  Nevertheless, as

7  the Second Circuit has explained, "[t]he determination of

8  whether retaliation was a 'but-for' cause, rather than just a

9  motivating factor, is particularly poorly suited to disposition

10  by summary judgment, because it requires weighing of the

11  disputed facts, rather than a determination that there is no

12  genuine dispute as to any material fact." *Id.* at 846.

13        Plaintiff has established his prima facie case of

14  retaliation.  Under the ADA, "[r]equests for disability

15  accommodation and complaints, whether formal or informal, about

16  working conditions related to one's alleged disability are

17  protected activities." *Limauro v. Consol Edison Co. of New*

18  *York, Inc.*, 2021 WL 466952, at *10 (S.D.N.Y. Feb. 9, 2021).

19  Plaintiff has presented sufficient evidence that he engaged in

20  a protected activity and that Defendants knew of this protected

21  activity.  Plaintiff avers that he submitted requests for

22  accommodation to Defendants through medical notes.  Molina Aff.

23  at ¶¶ 23, 31-34.  As I discussed before, Plaintiff suffered an

24  adverse employment action because he was terminated.  Molina

25  Aff. ¶ 28.  Plaintiff also established a causal relationship

Case 22-2719, Document 10, 11/02/2022, 3412621, Page41 of 56

1    between the protected activity and the termination because of

2    the temporal relationship between the two.  A temporal

3    relationship between the protected activity and the adverse

4    action suffices to establish a prima facie claim of

5    retaliation, even when the activity and action are as much as

6    five months apart.  *Gorzynski v. JetBlue Airways Corp.*, 596

7    F.3d 93, 110 (2d Cir. 2010) (noting that, though a "bright line

8    defining, for the purposes of a prima facie case, the outer

9    limits beyond which a temporal relationship is too attenuated

10   to establish causation, we have previously held that five

11   months is not too long to find the causal relationship.").

12   Plaintiff was terminated only two weeks after his request for

13   an accommodation.

14        As I have already described, Defendants have

15   articulated a legitimate, nonretaliatory reason for the adverse

16   employment action—the onset of the global COVID-19 pandemic

17   combined with what they assert to be Plaintiff's poor

18   performance.  Metivier Aff. ¶¶ 27-28, 13, 15, 16; Hauser Aff.

19   ¶¶ 12, 14, 15, 20.

20        Plaintiff has presented sufficient evidence to support

21   the conclusion that Defendants' explanation is mere pretext. As

22   I described before, the adverse employment action followed

23   close on the heels of his request. "The temporal proximity of

24   events may give rise to an inference of retaliation for the

25   purposes of establishing a prima facie case of retaliation . .

Case 22-2719, Document 10, 11/02/2022, 3412621, Page42 of 56

1  Without more, such temporal proximity is insufficient to

2  satisfy [a plaintiff's] burden to bring forward some evidence

3  of pretext." *Clark v. Jewish Childcare Ass'n, Inc.*, 96 F.

4  Supp. 3d 237 262-63 (S.D.N.Y. 2015) (quoting *El Sayed v. Hilton*

5  *Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010)). But here,

6  Plaintiff has presented evidence of more than temporal

7  proximity. Plaintiff has shown that he was treated differently

8  than the other employees because he was the only sous chef

9  fired. Molina Aff. ¶¶ 30-34. Again, I must accept Plaintiff's

10 evidence as true for this purpose. That differential

11 treatment, together with the temporal connection, suffice to

12 defeat Defendants' motion for summary judgment.

13        B. NYSHRL and the NYCRHL state claims

14        Claims brought under the NYCHRL must be reviewed

15 "independently from and 'more liberally' than their federal and

16 state counterparts." *Loeffler v. Staten Island Univ. Hosp.*,

17 582 F.3d 268, 278 (2d Cir. 2009) (quoting *Williams v. N.Y. City*

18 *Hous. Auth.*, 872 N.Y.S.2d 27, 31 (1st Dep't 2009)).

19        The NYCHRL is a "one-way ratchet," by which

20 interpretations of state and federal civil rights statutes can

21 serve only "'as a floor below which the City's Human Rights law

22 cannot fall.'" *Mihalik v. Credit Agricole Cheuvreux N. Am.*,

23 *Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). Because the Court

24 ruled that Defendants are not entitled to summary judgment

25 under the more stringent standards applicable to the ADA,

Case 22-2719, Document 10, 11/02/2022, 3412621, Page43 of 56

1   summary judgment is not warranted with respect to the more

2   liberal standard under the NYCHRL for the discrimination,

3   failure to accommodate, and retaliation claims.

4        The same result applies to Plaintiff's claims under

5   the New York State Human Rights Law (the "NYSHRL").  The New

6   York state legislature amended the NYSHRL on August 12, 2019,

7   to "establish that its provisions should be construed liberally

8   even if federal civil rights law, including those laws with

9   provisions worded comparably to the provisions of this article,

10  have been construed narrowly.  The effect of that amendment is

11  to render the standard for claims closer to the [more liberal]

12  standard under the NYCHRL." *Talbott-Serrano v. Iona Coll.*,

13  2022 WL 3718346, at *8 (S.D.N.Y. Aug. 29, 2022). "[T]hese

14  amendments only apply to claims that accrue on or after the

15  effective date of October 11, 2019." *Id.*  "[A] cause of action

16  for discrimination under the NYSHRL accrues and the limitation

17  period begins to run on the date of the alleged discriminatory

18  act." *Fair Hous. Just. Ctr., Inc. v. JDS Dev. LLC*, 443 F.

19  Supp. 3d 494, 504 (S.D.N.Y. 2020), *reconsideration denied*, 2020

20  WL 5018349 (S.D.N.Y. Aug. 25, 2020) (citing *Flaherty v.

21  Massapequa Pub. Sch.*, 752 F. Supp. 2d 286, 293 (E.D.N.Y. 2010))

22  (alterations omitted).  As such, the amendments apply to

23  Plaintiff's claims as the alleged discriminatory acts occurred

24  months after October 19, 2019.  Because the more liberal

25  standard applicable to the NYCHRL apples to the NYSHRL as well,

Case 22-2719, Document 10, 11/02/2022, 3412621, Page44 of 56

1    summary judgment is not warranted with respect to Plaintiff's

2    claims arising under that statute.

3              IV. MOTION TO EXCLUDE EXPERT TESTIMONY.

4              Defendant's motion to exclude any expert testimony on

5    behalf of Plaintiff is granted.  On March 31, 2021, the Court

6    entered a case management plan and scheduling order in this

7    case.  Dkt. No. 25.  The order contained deadlines for the

8    completion of discovery in this case.  Among other things, the

9    order established a deadline for production of Plaintiff's

10   expert disclosures:  The deadline was July 30, 2021.  The order

11   also established a deadline for the completion of expert

12   discovery:  September 29, 2021.  The Court discussed those

13   deadlines and their import at length during the initial

14   pretrial conference, and reminded the parties of those comments

15   in an order issued by the Court on July 24, 2021.  Dkt. No. 28.

16   In an August 9, 2021 letter to the Court, Plaintiff's counsel

17   wrote that "Plaintiff determined that he does not wish to offer

18   expert testimony."  Dkt. No. 31.  Consistent with that

19   assertion, I understand that Plaintiff has never disclosed an

20   expert in this case.

21             Rule 26 provides that at the start of the case,

22   parties must disclose "the name and, if known, the address and

23   telephone number of each individual likely to have discoverable

24   information – along with the subjects of that information –

25   that the disclosing party may use to support its claims or

Case 22-2719, Document 10, 11/02/2022, 3412621, Page45 of 56

1   defenses, unless the use would be solely for impeachment[.]"

2   Fed. R. Civ. P. 26(a)(1)(A)(i).  These disclosures must be

3   supplemented as new information comes to light.  *See* Fed. R.

4   Civ. P. 26(e)(1).  The rules also require disclosure of expert

5   witnesses.  *See* Fed. R. Civ. P. 26(a)(2).  If a party does not

6   identify a witness in the initial disclosures or otherwise,

7   that party is "not allowed to use that . . . witness to supply

8   evidence on a motion, at a hearing, or at a trial, unless the

9   failure was substantially justified or is harmless."  Fed. R.

10  Civ. P. 37(c)(1).

11          "If a party fails to provide information or identify a

12  witness as required by Rule 26(a) or (e), the party is not

13  allowed to use that information or witness to supply evidence .

14  . . at a trial, unless the failure was substantially justified

15  or is harmless."  Fed. R. Civ. P. 37(c).

16          While the language of Rule 37 provides for automatic

17  exclusion of expert testimony that falls outside the scope of a

18  Rule 26(a) disclosure and report, the Second Circuit requires

19  district courts to consider four factors prior to the exclusion

20  of such evidence: "(1) the party's explanation for the failure

21  to comply with the [disclosure requirement]; (2) the importance

22  of the testimony of the precluded witness; (3) the prejudice

23  suffered by the opposing party as a result of having to prepare

24  to meet the new testimony; and (4) the possibility of a

25  continuance."  *Design Strategy, Inc., v. Davis*, 469 F.3d 284,

Case 22-2719, Document 10, 11/02/2022, 3412621, Page46 of 56

1    296 (2d Cir. 2006) (Citing *Patterson v. Balsamico*, 440 F.3d

2    104, 117 (2d Cir. 2006)).

3            The first factor weighs heavily in favor of

4    preclusion.  Plaintiff intentionally chose not to present

5    expert disclosures in this case.

6            The second factor is neutral.  Plaintiff has made a

7    determination that he does not wish to use expert testimony in

8    this case.  Based on that appraisal, the Court does not

9    understand the evidence to be of significance.  While expert

10   testimony can be helpful in a disability case, as I have

11   outlined, it is not necessary.

12           The third factor weighs heavily in favor of

13   preclusion.  Because Plaintiff did not disclose an expert,

14   Defendant will not have the opportunity to depose any expert

15   later revealed by him.

16           Finally, the fourth factor weighs in favor of

17   preclusion.  As I explained earlier, this case will have been

18   pending for a substantial amount of time by the time that the

19   case is tried.  The circuit has warned that "a court must not

20   let its zeal for a tidy calendar overcome its duty to do

21   justice." *Winston v. Prudential Lines, Inc.*, 415 F.2d 619, 621

22   (2d Cir. 1969) (quotation omitted).  Though the disclosures

23   were due over a year ago, Plaintiff has never asked for a

24   continuance.  *See Balsamico*, 440 F.3d at 118.

25           Furthermore, "[t]o permit entirely unexplained Rule 26

Case 22-2719, Document 10, 11/02/2022, 3412621, Page47 of 56

1   violations to go unsanctioned whenever the evidence at issue is

2   sufficiently important would give parties the perverse

3   incentive to spring especially large and surprising disclosures

4   on their adversaries on the eve of trial—an extreme version of

5   the 'sandbagging' that Rule 26 attempts to avoid." *Agence*

6   *France Presse v. Morel*, 293 F.R.D. 682, 687 (S.D.N.Y. 2013).

7           Weighing the *Design Strategies* factors, the Court

8   finds that exclusion of expert testimony is warranted here to

9   the extent that Plaintiff were to seek to introduce the

10   testimony of an expert at this stage of the case or a later

11   stage of the case.  Defendants' request to exclude Plaintiff's

12   expert testimony or evidence is granted.

13           V. CONCLUSION AND NEXT STEPS

14           For the foregoing reasons, Defendants' motion for

15   summary judgment is denied in its entirety.  I am granting

16   Defendants' motion with respect to the exclusion of any

17   unnoticed expert testimony.  I will issue a short summary order

18   later today or tomorrow pointing to the transcript of today's

19   proceeding for the basis for my decision.

20           Just a brief note.  As you have heard, much of my

21   decision here rests on the fact that I'm required to credit

22   plaintiff's statements in his affidavit as true.  He stated,

23   under penalty of perjury, that no other sous chefs were

24   terminated.  He states that other people in the kitchen were

25   there anyway to help.  Those are both assertions made by

28

1   plaintiff under penalty of perjury in the affidavit presented

2   to me.  I understand that there is a question of fact about

3   whether or not those statements are true, but I have to credit

4   plaintiff's assertions for purposes of evaluating the motion

5   for summary judgment.  If, of course, it turns out that they

6   are not true and plaintiff perjured himself, that's a different

7   problem.  But for purposes of the summary judgment motion

8   practice, I accept his assertions as true.

9         Let's talk a little bit about next steps.  I am going

10  to schedule a trial date.  I am going to do that relatively

11  promptly.  I don't know what the parties' expectations are.

12  I'd like to give you some time to talk about the possibility of

13  settling this case.  I am not going to put my finger on the

14  scale about what I think about the merits of the case.  But I

15  would certainly be happy to refer you to the mediation office

16  or to our magistrate judge so that you can get some kind of an

17  independent assessment of the value of this case involving a

18  broken toe and the termination of somebody in the hospitality

19  industry on the eve of COVID.

20        I will try to schedule trial in a way that gives you

21  time to do that work, if you'd like to do that.  Let me begin

22  with that.  Then I am going to spend a little bit of time with

23  you talking about the pretrial submissions that my order

24  scheduling trial are going to require that the parties provide

25  to me.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 22-2719, Document 10, 11/02/2022, 3412621, Page49 of 56

29

1          First, counsel for plaintiff, would it be helpful, in

2     your view, for me to refer the parties to mediation, either

3     before the magistrate judge or otherwise?

4          MR. SHALOM:  Your Honor, plaintiff would be open to

5     proposed mediation to see if the parties can amicably resolve.

6     If not, plaintiff would be ready, willing, and able to continue

7     with trial.

8          THE COURT:  Thank you.

9          I am going to refer the parties to mediation.  I'll

10     put a little bit of extra time into the schedule so that you

11     can focus on that, and I'll call it the next couple of months.

12     I will set a schedule for trial that will give you some, I'll

13     call it, runway to talk about resolution.  I encourage you to

14     talk about it.

15          Let me spend a little bit of time talking about what

16     my order will provide.  My order will establish a trial date.

17     My understanding is that the parties anticipate that this is a

18     trial that will last about three days.  I think that's probably

19     about right, based on what I know about the case.  I am going

20     to pick a week when I have a full week that I can give you.  I

21     don't expect, given the nature of the case, that it will take

22     longer than that to try.

23          I am going to include in my order directions regarding

24     the pretrial submissions.  Principally, I am going to pointing

25     you to my individual rules of practice in civil cases,

Case 22-2719, Document 10, 11/02/2022, 3412621, Page50 of 56

1   particularly Rule 5.  They are pretty self-explanatory, but I

2   just want to take a few more moments of your time to elaborate

3   on a couple of things about those rules.

4        The first thing that I want to highlight is just that

5   it requires a substantial amount of advance work to put

6   together the pretrial materials that will be due on a date

7   certain in accordance with my order.  So I am going to be

8   ordering that you provide to me those pretrial submissions.

9   Implicit in that is an order that the parties do the joint work

10  prior to the date so that you can meet that deadline.  Let me

11  give you just one brief example of the kind of things that

12  require substantial advance work.  Not that this is unknown to

13  you, but let me just make sure that you have at least heard one

14  illustration.

15       The joint pretrial order requires that the parties

16  provide the Court with a bunch of information.  Among that is a

17  list of all of the exhibits that each side will use at trial.

18  That is to be presented to me in a chart.  The first column has

19  the exhibit letter or number that will refer to the document or

20  other evidence at trial.  The second column describes that

21  exhibit.  The third column will state whether or not there is

22  an objection to the introduction of the exhibit.  The fourth

23  column will describe the basis for the objection.

24       So you can see, just to put together that part of the

25  joint pretrial order, the parties are going to need to figure

Case 22-2719, Document 10, 11/02/2022, 3412621, Page51 of 56

1    out what exhibits you want to use, you are going to need to

2    share them with one another, and you will need to do that

3    sufficiently in advance of the deadline so that the other side

4    can tell you what any objections might be so you can include

5    that information in the chart.

6           Similarly, in the joint pretrial order, you will need

7    to identify any deposition designations, and that means that

8    you must identify the deposition designations by line, page and

9    line.  You will need to share them with your adversary so that

10   they can object to any designations and also present any

11   counterdesignations and so that a responsive objection to the

12   counterdesignations can be included in the joint pretrial

13   order.

14          Just to put it very simply, to provide the Court with

15   the information that must be included in the joint pretrial

16   order, the parties need to do a lot of advance work.  That

17   advance work is necessarily collaborative, and I'm directing

18   that you do that work so you can meet the deadline.

19          The second thing that I want to just elaborate on is

20   that my individual rules of practice require the presentation

21   of a joint charge and a joint voir dire set of questions.  I

22   want to just make it very clear that I'm not requiring that the

23   parties agree on everything.  That would be inappropriate.  I'm

24   not asking you for you to agree on everything when I ask you to

25   provide me with a joint charge.

Case 22-2719, Document 10, 11/02/2022, 3412621, Page52 of 56

```
 1            Instead, what I am doing is I'm asking you to provide
 2     me with a single document that contains all of the parties'
 3     proposed charges.  If there are objections to or proposed
 4     alternative language with respect to an aspect of the charge, I
 5     ask that you include it in the same document with as much
 6     specificity as possible.
 7            To the extent that there is an objection or an
 8     alternative formulation of language, again, it should be
 9     presented with as much specificity as possible and it should be
10     supported by reference to relevant precedent or secondary
11     sources.
12            The reason why I'm doing this is because, as you know,
13     frequently parties will provide two complete dueling sets of
14     charges, which will be different but which will have very few
15     substantive differences, and to find the substantive
16     differences the parties and the Court have to pick through each
17     of the proposed charges.
18            Rather than doing that, I'm asking that the parties
19     work together and identify those areas with specificity where
20     you have substantive disagreements and present those
21     substantive disagreements in a way that will make it most
22     efficient for the Court and the parties to focus on and resolve
23     them.  That may mean that you'll present alternative
24     formulations of language in, for example, strikeout in a
25     blacklined version, or you may include a footnote noting the
```

Case 22-2719, Document 10, 11/02/2022, 3412621, Page53 of 56

1    language that is problematic.

2            Understand that I'll be evaluating the language that's

3    presented based on the merits of the language, not based on

4    where it's presented in the document.  So if your proposal is

5    in a footnote rather than in a mainline text, don't be

6    concerned that I will discredit it or undervalue it merely

7    because of its placement in that jointly submitted document.

8            The same is true for the joint voir dire requests.  I

9    do not deal with duplicate submissions.  Rather than having

10   each party give me a series of questions, many of which

11   substantially overlap, I am asking you to prepare a joint set

12   of voir dire questions.  Again, if one of you thinks that the

13   question proposed by your adversary is inappropriate in any

14   way, you should just note that in a footnote, and that will

15   make it easier for all of us to evaluate the requests and see

16   where there are real disputes.

17           That's all I have.  I will find a trial date for us

18   shortly.  I think that, thankfully, where we are in the

19   pandemic now, I hope that I'll be able to give you a firm,

20   fixed trial date.  It won't be in the near term.  It will

21   probably be sometime in spring of 2023, is my guess, looking at

22   the calendar now.  Your pretrial submissions will be due

23   substantially before that, though, so that I can resolve them

24   at the pretrial conference.

25           As I said, I'll refer you to the magistrate judge for

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M9MMMOLD                                                                34

Case 22-2719, Document 10, 11/02/2022, 3412621, Page54 of 56

1  settlement conference, and I will provide about two months

2  between now and the time I think that you need to start working

3  on your pretrial submissions to allow you to focus on

4  settlement rather than trial.

5         That's it.  Anything else that we need to talk about

6  here before we adjourn?  Again, I apologize for starting so

7  late.  I thank you for your flexibility.

8         Counsel for plaintiff, anything else from you?

9         MR. SHALOM:  No, your Honor.

10        THE COURT:  Thank you.

11        Counsel for defendant.

12        MR. DEMPSEY:  No, your Honor.

13        THE COURT:  Thank you all.  This proceeding is

14  adjourned.

15        (Adjourned)

16

17

18

19

20

21

22

23

24

25

ADDENDUM "B"

## ISSUE PROPOSED TO BE RAISED ON APPEAL

1. Whether the District Court erred in denying Defendants' motion for summary judgment pursuant to Rule 56(a) in ruling that a genuine dispute of material fact existed with regard to Plaintiff's claims of employment discrimination, retaliation, and wrongful termination.

## STANDARD OF REVIEW

1. In reviewing the District Court's decision to deny summary judgment, the Court must determine whether the lower court properly held that there were no genuine issues of material fact for trial. *See Adjustrite Systems, Inc. v. GAB Business Services, Inc.*, 145 F.3d 543 (2d Cir. 1998). The Court should apply a *de novo* standard of review to ensure that the substantive law was correctly applied. *See Westport Bank & Trust Co. v. Geraghty*, 90 F.3d 661, 668 (2d Cir. 1996).